**C. J. TOWER & SONS OF BUF-
FALO, INC.**

v.

**UNITED STATES.**

**C.R.D. 72–15; Court No. 70/1827.**

United States Customs Court,
Sept. 25, 1972.

Barnes, Richardson & Colburn, New York City (Rufus E. Jarman, Jr., New York City, of counsel), for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen. (Patrick D. Gill, New York City, trial atty.), for defendant.

*Memorandum Opinion and Order*

FORD, Judge:

This case is before the court by virtue of a motion by defendant to settle the record pursuant to Rule 13.1(b) of the rules of this court which provides as follows:

> (b) *Objections*: Objections to the form or substance of the record as prepared by the clerk may be raised by motion to settle the record made in accordance with the general provisions for motions as specified in Rule 4.12.

The decision appealed was based upon cross-motions of the parties for summary judgment. C. J. Tower & Sons of Buffalo, Inc. v. United States, 68 Cust.Ct., C.D. 4327, 336 F.Supp. 1395 (1972). The decision therein was the first since the adoption of the new rules of this court on August 3, 1970, and is the first appeal of a decision on summary judgment. It would also appear that the present motion is the first one involving Rule 13.1(b).

Under Rule 13.1(a) of the rules of this court, the clerk is required to prepare the full record of the action in accordance with the Rules of the United States Court of Customs and Patent Appeals. Rule 17 of the Court of Customs and Patent Appeals is the pertinent provision governing customs appeals and provides as follows:

> Upon filing of a notice of appeal or the granting of an application for permission to appeal, a mandate shall issue to the United States Customs Court directing said court to transmit to this court the records and evidence of the proceedings taken and had by it, together with a certified statement of the facts involved in the case or order thereon, together with all samples and exhibits used before it. In all cases in which a motion for rehearing was made before the United States

Customs Court, such motion and all affidavits in support thereof or in opposition thereto, shall be certified to be a part of the record in the case. Such mandate shall be returnable in 30 days, and the time for said return may be extended, upon application to the court or a judge thereof, and upon good cause shown.

Based upon said rule, the clerk of this court prepared the following for submission to the Court of Customs and Patent Appeals:

1. Protest 70/1827–6305.
2. Complaint.
3. Defendant's answer to complaint.
4. Defendant's motion for summary judgment and statement of material facts.
5. Plaintiff's motion for summary judgment, statement of material facts and affidavit.
6. Defendant's statement of material facts in response to plaintiff's cross-motion.
7. The decision in question (C.D. 4327) and judgment.
8. Defendant's motion for rehearing, memorandum in support thereof, plaintiff's memorandum in opposition thereto, defendant's response to plaintiff's opposition, and order of the Court dated April 3, 1972 denying rehearing.

■ Neither party disputes the fact that the foregoing are properly included for transmission to the Court of Customs and Patent Appeals. Defendant, however, contends the following briefs should also be included in the transmittal:

1. Plaintiff's brief of September 13, 1971, in support of plaintiff's motion for summary judgment, and in reply to defendant's motion for summary judgment;
2. Defendant's brief of October 12, 1971, answering plaintiff's brief in support of plaintiff's cross-motion for summary judgment and in reply to defendant's motion for summary judgment; and
3. Plaintiff's reply brief of October 28, 1971.

■ In addition defendant contends its brief of August 5, 1971, should be included therein as a matter of right since said brief was incorporated by reference in its motion for summary judgment. It has never been the practice of this court to include briefs as part of the record in a case appealed to the Court of Customs and Patent Appeals. I see no distinction between a case involving, an appeal of a summary judgment and any other type of judgment issued by this court. The briefs are filed as an aid to the court and constitute arguments in favor of the submitting party. They do not constitute evidence. The decision on summary judgment or any other judgment issued by any court is based upon the law and fact in the case. The briefs herein do not fall within either category and hence do not form part of the record. It has been held from time immemorial that the record includes pleadings, the process, the verdict, the judgment and such other matters as by some statutory or other recognized method have been made a part of it. Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269 (1895). The Court of Customs and Patent Appeals, in my opinion, expects no more and no less than is provided for in its Rule 17.

Accordingly, it is hereby ordered that the motion be, and the same hereby is, denied.