**The UNITED STATES, Appellant,**

v.

**C. J. TOWER & SONS OF BUFFALO, INC., Appellee.**

Customs Appeal No. 5512.

United States Court of Customs and Patent Appeals.

June 27, 1974.

**1278**

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John A. Gussow, New York City, attorneys of record, for the United States.

Barnes, Richardson & Colburn, New York City, attorneys of record, for appellee. Rufus E. Jarman, Jr., New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision and judgment of the United States Customs Court in C. J. Tower & Sons of Buffalo, Inc. v. United States, 68 Cust.Ct. 17, C. D. 4327, 336 F.Supp. 1395 (1972). We affirm.

This case involves aircraft fuel cells imported from Canada. Appellee, acting as customshouse broker for the LTV Vought Aeronautics Division of Ling Temco Vought, Inc., entered the fuel cells under item 694.60, TSUS, at a duty of 9% ad valorem. There were four separate entries which were liquidated between May 31, and July 27, 1966, and, no protests having been filed, they became final sixty days later pursuant to section 514 of the Tariff Act of 1930, as amended (19 U.S.C. § 1514), such final liquidation dates being August 1, October 3, September 12, and September 26, 1966. Section 514 reads:

> Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of

entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

November 14, 1966, appellee wrote a letter to the Bureau of Customs, which was received the following day, making a request under section 520(c)(1) of the Tariff Act, as amended (19 U.S.C. § 1520), for reliquidation under item 832.-00, TSUS, providing for free entry. The basis of the request was that appellee had not been aware of the fact that the fuel cells constituted emergency defense purchases pursuant to Government contract, which could be imported duty free under item 832.00, and that there had been a mistake of fact or inadvertence within the meaning of section 520(c)(1). This statute and TSUS item 832.00, under which appellee's claim was made, read as follows:

Section 520. *Refunds and errors*

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction;
* * *.

Tariff Schedules of the United States Schedule 8. Special Classification Provisions

*Schedule 8 headnote:*

1. The provisions of this schedule are not subject to the rule of relative specificity in headnote 10(c) of the General Headnotes and Rules of Interpretation, and, except as provided in headnote 3 to part 1 of this schedule, any article which is described in any provision in this schedule is classifiable in said provision if the conditions and requirements thereof and of any applicable regulations are met.

* * * * * *

Part 3, Subpart A:
* * * * * *

Item 832.00 Articles for military departments:

Materials *certified to the Commissioner* of Customs by the authorized procuring agencies to be emergency war material purchased abroad . . . . . . . . . . Free [Emphasis supplied.]

In January of 1968, more than one year after the liquidations in question, appellee supplied the necessary certifications, required by item 832.00 and pertinent customs regulations, that the fuel cells were emergency war material.

April 10, 1968, Bureau of Customs at Buffalo, N.Y., denied appellee's request because the certificates required by item 832.00 had not been received within one year of the dates of liquidation so that the importer had not made his case complete within the statutory period of section 520(c)(1). On May 17, 1968, appellee requested reconsideration and on May 22, 1968, filed a protest. June 6, 1968, Bureau of Customs at Washington, D.C., refused reconsideration. Thereafter the action was brought in the Customs Court to review these rulings.

In the Customs Court, after issue was joined, the Government filed a motion for summary judgment on August 5, 1971, supported by a fourteen-paragraph "Statement of Material Facts." September 13, 1971, appellee filed a motion for summary judgment supported by its "Statement of Material Facts" which included the identical fourteen paragraphs of the Government's statement plus three more with an affidavit of Peter Tower, an employee of appellee. The Government then responded to the three new paragraphs, which it admitted in part, and in that manner agreed facts were laid before the court. There has been no trial. This appeal is from the court's decision on the cross-motions.

The Customs Court granted appellee's motion and denied the Government's motion. There was a motion by the Government for a rehearing supported by a lengthy brief, making the same arguments made before us, which the Customs Court denied without opinion.

### Decision of the Customs Court

Recognizing in its opinion on the motions for summary judgment that the Government challenged its jurisdiction for lack of the filing of a timely protest following the initial liquidation, the Customs Court nevertheless assumed jurisdiction and decided the motions. On motion for rehearing, the court's jurisdiction was again challenged on still other grounds and, as above stated, the court denied that motion. The court found: that a timely protest had been

filed under section 514 to the denial of the request to reliquidate made under section 520(c)(1); that failure to claim duty-free entry under item 832.00 was due to a mistake of fact or inadvertence which did not amount to an error in the construction of a law; that the mistake or inadvertence was brought to the attention of the Customs Service within one year of the date of entry; and that the failure to provide the necessary documentary evidence within one year of the dates of liquidation did not bar the claim under section 520 or any relevant regulation.

### Appellant's Points

The Government presents three questions, all of which it would have us answer in the negative:

1. Whether the Customs Court had jurisdiction of a protest against the refusal to reliquidate to correct anything other than a "clerical error" in the liquidation.

2. Whether the Customs Court erred, as a matter of law, in holding that the subject claim falls within the ambit of section 520(c)(1).

3. Whether the Customs Court erred in finding that "mistake of fact or other inadvertence" had been established and in holding, with respect thereto, that no triable issue of fact exists.

### OPINION

#### 1. Jurisdiction

We hold that the Customs Court had jurisdiction. It entertained appellee's protest, timely filed within sixty days of a customs decision, which was properly subject to protest under section 514. The decision was a refusal to reliquidate made on April 10, 1968. Protest was filed May 22, 1968.

We reject the involved reasoning by which appellant attempts to persuade us—and by which it failed to persuade the Customs Court—that while that court admittedly had jurisdiction to review a refusal to reliquidate an entry

*for a clerical error* under section 520(c)(1), it did not have such jurisdiction with respect to a refusal to reliquidate for "mistake of fact, or other inadvertence," set forth in the very next words of that section. In fact, we feel that the proposition verges on the preposterous. It is based on a too myopic and too purely verbal construction of the language of section 514.

Section 514 is not a jurisdiction-granting statute. Jurisdiction of the Customs Court, as appellant himself contends, was derived from 28 U.S.C. § 1583 (now superseded by 28 U.S.C. § 1582, effective by virtue of the Customs Courts Act of June 2, 1970, P.L. 91–271, 84 Stat. 274). The title of section 514 is "PROTEST AGAINST COLLECTOR'S DECISIONS." It deals with two matters: (1) the *finality* of "all decisions of the collector * * * as to the rate and amount of duties," of "all exactions of whatever character," and of his decisions on other named matters; and (2) the filing of *protests* "in respect to each entry, payment, claim, decision, or refusal." The effect of a timely protest is to *relieve* the decision of its finality and to lay a basis for the review procedure, first by the collector, then by the Customs Court, and thereafter by this court, if a party chooses to continue, all as set forth in the next succeeding section, 515.

Appellant makes much of the fact that no protest was ever filed against the decision liquidating the entries under item 694.60, wherefore they became final. This is of no moment. As we said in United States v. Miles, 416 F.2d 973, 57 CCPA 1, 5, C.A.D. 967 (1969), by approval of language used in the Customs Court opinion,

> Liquidations, final and conclusive under section 514, do not bar protestable section 514 rights asserted under other provisions of law. 19 U.S.C., section 1520 [520]. Nor do we conceive it beyond the power of Congress to create a protestable right on matters settled in liquidation.

In *Miles* we did not find that appellant's right arose under section 520, though recognizing that rights might arise thereunder, but under a retroactive act of Congress, P.L. 89–468, providing for free entry of copper scrap. The case involved a refusal of the collector to reliquidate on the ground that the request was untimely because the liquidation had become final. In view of appellant's contention here that a protest which brings a decision before the Customs Court for review must be found somewhere in the *specific* recitations of section 514 (such as "refusal to reliquidate any entry for a clerical error"), we call attention to the fact that there was no provision for refusal to reliquidate because of enactment of a retroactive statute, any more than there is for refusal to liquidate because of a "mistake of fact, or other inadvertence." We held in *Miles*, nevertheless,

> Under the facts of record, the importer's request for reliquidation was timely and the protest from the refusal of the request was in compliance with section 514.

We think the broad language of section 514, "all decisions of the collector * * * as to the rate and amount of duties chargeable" and the provision for filing a protest to a "decision, or refusal," suffices to encompass the situation here, as it did in *Miles*, notwithstanding lack of specific reference to it. Similarly, the jurisdiction-granting statute, 28 U.S.C. § 1583 (now 1582, which contains even more inclusive language) gives the Customs Court review jurisdiction corresponding to the broad language we have quoted from section 514. See the eloquent discussion of a similar problem involving section 514, and section 520 in an earlier version, in Hudson Fwdg. & Shipping Co. v. United States, T.D. 46389, 63 Treas.Dec. 819 (1933).

Appellant's argument for lack of jurisdiction appears to rest on the premise that a refusal to reliquidate because of a mistake of fact, as provided in section 520, is not within the ambit of section 514 because, unlike "a clerical error,"

"mistake of fact" is not mentioned in section 514. If mistake of fact is outside 514 for one purpose it must be outside for all purposes. That would mean that a decision not to reliquidate for a mistake of fact would never become final and conclusive. We are sure appellant would not argue that to be the case. In fact, appellant tacitly admits such a refusal *is* within section 514, though not mentioned therein, to the extent of permitting *administrative* review, but not for the purpose of permitting *judicial* review of administrative action. The argument falls by its own weight.

### 2. *Mistake of Fact*

■ Appellant here attempts to show that appellee's claim is not within the scope of section 520(c)(1) and that the Customs Court was wrong because this claim does not involve a question of fact but an "error in the construction of a law," which is the exclusionary language of the section. At least that is what we understand the argument to be. In the end, the argument comes back to claiming that what appellee should have done was to file a timely protest to the original liquidation. We see no merit in the arguments made. There was a mistake of fact in that appellee did not know that the fuel cells were emergency war material under a Government contract, the fact being that they were. There was, therefore, no reason to protest. There is no allegation of any error in the construction of a law by anyone. It is a simple matter of being allowed to present the evidence to show that the fuel cells were all along entitled to free entry, although knowledge of that fact was acquired after liquidation of the entries had taken place. The facts were mistaken at the time.

### 3. *No Issue of Material Fact*

Appellant finally argues that proof must be adduced that the importer was unaware of the facts justifying duty-free entry because the record is silent in this respect. On the contrary, appellee's Statement of Material Facts includes the following:

15. The merchandise covered by the protest herein consists of materials certified to the Commissioner of Customs by the authorized procuring agencies to be emergency war material purchased abroad.

\*　　\*　　\*　　\*　　\*　　\*

17. At no time prior to sixty days after liquidation of the merchandise covered by the protest herein did the District Director of Customs at Buffalo, New York know the fact set out in number 15 above, nor did plaintiff.

The Government response was (emphasis ours):

15. *Admitted* except that defendants [sic] notes that said certification was furnished to the Commissioner after the dates of final liquidation of these entries set forth in paragraph 9 of the statement of material facts.

\*　　\*　　\*　　\*　　\*　　\*

17. *Admitted.* It is obvious that the importation was not certified to the Commissioner of Customs prior to final liquidation, no steps having been taken by plaintiff to secure such certification.

The added comments about when the certification reached the Commissioner of Customs in no way qualify the admission that the importer was unaware of the facts justifying duty-free entry and we are unable to see anything that needs to be proved to justify the summary judgment granted to appellee.

### *Conclusion*

Appellant not having convinced us of any error by the Customs Court, its judgment is affirmed.

Affirmed.