Ordered that defendant's motion to dismiss be, and the same hereby is, granted.

━━━━━━━━

VICTOR A. CAVAZOS, A/C CONSTRUCTIONES PROTEXA, S.A., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82–11–01600

Before RE, *Chief Judge.*

(Decided December 27, 1985)

*Stein Shostak Shostak & O'Hara (Marjorie M. Shostak),* for the plaintiff.
*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Veronica A. Perry*), for the defendant.

RE, *Chief Judge:* In this action, the plaintiff, Victor A. Cavazos, challenges the refusal of the Customs Service to reliquidate certain tractors and parts entered at the port of Laredo, Texas. The Customs Service classified the merchandise as "[t]ractors * * * whether or not equipped with power take-offs, winches, or pulleys, and parts of such tractors: other," under item 692.3522, TSUS. Plaintiff contests this classification, and contends that the merchandise is entitled to be entered duty-free under item 800.0035, TSUS, as "[p]roducts of the United States when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad."

Pursuant to Rule 12(b)(5) of the Rules of this Court, the defendant has moved to dismiss the action for failure to state a claim upon which relief may be granted. Plaintiff oppose the motion, and asks that the matter be heard on the merits.

Since plaintiff has failed to state a claim upon which relief may be granted, the action is dismissed.

On August 8, 1980, plaintiff, the importer of record, received at the port of Laredo, Texas, a shipment of merchandise, which was described on the customs invoices as "tractors and parts thereof." On the consumption entry form, plaintiff sought duty-free treatment of the tractors and parts under item 800.0035 as "American goods returned." The Customs Service did not grant duty-free treatment, and classified the merchandise under item 692.3522, TSUS, as tractors and parts thereof, and liquidated the entry on December 29, 1980.

On February 17, 1982, plaintiff timely filed a protest of the classification. The protest was denied by the Customs Service on March 30, 1981. Thereafter, in a letter received by the District Director of Customs on June 4, 1981, plaintiff requested reliquidation of the merchandise as "American goods returned." In support of this request, plaintiff submitted two manufacturer's affidavits, which declared that the cylinder brackets of the tractors were manufactured in the United States. The District Director returned this letter because plaintiff had not specified under which section of law or regulation the relief was being requested. Plaintiff resubmitted the affidavits on June 26, 1981, and requested reliquidation "under 520(c) of the Customs Regulations." On April 6, 1982, Customs denied plaintiff's request, and plaintiff thereafter filed this action.

The plaintiff contends that Customs made a mistake of fact that is correctable under section 520(c)(1) of the Tariff Act of 1930, 19 U.S.C. § 1520(c)(1) (1982).

Section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514 (1982 & West Supp. 1985), sets forth the proper procedure for an importer to protest the classifcation when the importer believes that the Customs Service has misinterpreted the applicable law, and has improperly classified the imported merchandise. In addition, Customs may reliquidate an entry to correct a mistake of fact, clerical error, or other inadvertence which has caused an error in liquidation. Tariff Act of 1930 § 520(c), 19 U.S.C. § 1520(c). Section 520(c) provides, in part:

> (c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, * * * reliquidate and entry to correct—
> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

19 U.S.C. § 1520(c)(1) (1982).

For the purposes os section 520(c), a mistake of fact has been defined as "a mistke which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower & Sons* v. *United States,* 68 Cust. Ct. 17, 22, C.D. 4327, 336 F. supp. 1395, 1399 (1972) *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F. 2d 1277 (1974).

In this case, plaintiff alleges that "duty was assessed on the merchandise * * * because of a mistake of fact, i.e., the Customs officials believed that the merchandise did not consist of products of the United States returned after having been exported, without having been advanced in valude or improved in condition." Plaintiff's conception of mistake of fact, however, is without basis in law, and cannot support this action.

It is well established that a determination by the Customs Service that merchandise is covered by a certain provision of the TSUS is a conclusion of law. *See, e.g., Mattel, Inc.* v. *United States,* 72 Cust, Ct. 257, 262, C.D. 4547, 377 F. Supp. 955, 960 (1974); *Fibrous Glass Products* v. *United States,* 63 Cust. Ct. 62, 65, C.D. 3874 (1969), *appeal dismissed,* 57 CCPA 141 (1970). Therefore, an erroneous classification of imported merchandise is not remediable as a mistake of fact under section 520(c). *Mattel, Inc., supra,* 72 Cust. Ct. at 262, 377 F. Supp. at 960. the courts have consistently held that section 520(c)(1) may only be used to correct mistakes of fact or inadvertence, and may not be used to rectify allegedly incorrect interpretations of law. *Computime, Inc.* v. *United States,* 9 CIT 553, Slip Op. 85–115, at 5 (Nov. 1, 1985); *See also, Hambro Automotive Corp.* v. *United States,*

66 CCPA 113, 120, C.A.D. 1231, 603 F. 2d 850, 855 (1979); *PPG Industries, Inc.* v. *United States,* 7 CIT 118, Slip Op. 84–27, at 9 (Mar. 28, 1984). Plaintiff seeks to challenge the classification of the imported merchandise. This, however, is an issue of law not remediable by section 520(c). "Section 520(c)(1) is not an alternative to the normal liquidation-protest method of obtaining review,' but rather affords limited relief' where an unnoticed or unintentional error has been committed." *Computime, Inc.* v. *United States, supra,* Slip Op. 85–115, at 6 (quoting *C.J. Tower & Sons v. United States,* 68 Cust. Ct. 17, 21, C.D. 4327, 336 F. Supp. 1395, 1399 (1972), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F. 2d 1277 (1974)).

In this case, plaintiff has not shown that any mistake of fact was made in the classifcation of its merchandise. The question presented in this case is clearly a legal question. The question is whether the imported merchandise can properly be classified as American goods returned. This question was raised by plaintiff's original section 514 protect which challenged the classification of the merchandise. See 19 U.S.C. § 1514(a)(2) (1982 & West Supp. 1985).

Plaintiff had requested duty-free treatment on the consumption entry form. The record, however, shows that, on the form, it is noted that plaintiff had not supplied the appropriated documents to support his claim. Thus, it is lear that the appropriate customs officer made a legal determination as to the classification of the merchandise on the basis of the facts presented, and in light of palintiff's claimed classification. Moreover, the record shows that plaintiff contested this legal conclusion in plaintiff's original protest, and that the protest was denied by Customs.

Plaintiff, however, has not challenged the denial of his original protest. Instead, plaintiff has sought to utilize section 520(c) to challenge the classification. this is an obvious attempt to use a section 520(c) procedure as a substitute for a challenge to the classification of the merchandise pursuant to section 514(a)(2). On the facts presented, it is clear that plaintiff's allegation of a mistake of fact is, in reality, a challenge to the legal conclusion of the Customs Service.

It is the determnation of the Court that plaintiff has not stated a claim upon which relief can be granted under section 520(c). Plaintiff has not pursued the appropriate statutory remedy to challenge the allegedly incorrect classification of the imported merchandise. Accordinly, defendant's motion to dismiss is granted, and the action is dismissed.