B.S. LIVINGSTON & CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–11–01382

MEMORANDUM OPINION AND ORDER

(Dated October 27, 1989)

*Irving A. Mandel, Esq.,* for plaintiff.

*Stuart F. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, (*Mark S. Sochaczewsky*), for defendant.

RE, *Chief Judge:* In this action, plaintiff, B.S. Livingston & Co., Inc., challenges the refusal of the Customs Service to reliquidate the entry of certain merchandise described on the customs' invoice as steel pipes. The merchandise, imported from Italy, was entered at the port of Houston, Texas.

Plaintiff contends that, because of "clerical error, mistake of fact or other inadvertence," the merchandise was improperly classified under item 610.32, Tariff Schedules of the United States (TSUS), with duty at the rate of 1.9 per centum *ad valorem.* Plaintiff asserts that, in contrast, "the relevant commercial invoice and other documentation provide for entry pursuant to item 610.3935 [with duty at the rate of] 0.5 [per centum] *ad valorem.*"

Pursuant to Rule 12(b)(5) of the Rules of the Court, the defendant has moved to dismiss the action for failure to state a cause of action upon which relief may be granted. Plaintiff opposes the motion, and requests that the matter be heard on the merits.

Since plaintiff has failed to state a claim upon which relief may be granted, the defendant's motion is granted and the action is dismissed.

BACKGROUND

On December 12, 1984, plaintiff, the importer of record, received a shipment of merchandise listed as entry no. 85–449057–8. On the entry form, plaintiff claimed that the merchandise was entitled to classification under item 610.32, TSUS, as steel pipes.

On April 25, 1985, plaintiff wrote to Customs "stating that an error in classification had been made on the entry documents." Plaintiff stated that "[t]he invoice description clearly indicated that the subject merchandise was API plain end casing which would have been clearly classifiable only under item 610.39, TSUS," which provision "specifically provides for API casing." Plaintiff claimed that "[t]he invoice description had been inadvertently overlooked and the merchandise was classified under item 610.32, TSUS." According to plaintiff, "[i]n preparation of entry documents in the instant case, the incorrect TSUS number was utilized because of the bro-

ker's oversight of the obvious invoice description through inattention and carelessness."

The pertinent statutory provisions of the tariff schedules are as follows:

*Classified under:*

> Schedule 6, Part 2, Subpart B:
>
> Pipes and tubes and blanks therefor, all the foregoing of iron (except cast iron) or steel:
>
>> Welded, jointed, or seamed, with walls not thinner than 0.065 inch, and of circular cross section:
>>
>>> Other than alloy iron or steel:

\*      \*      \*      \*      \*      \*      \*

610.32   0.375 inch or more in outside diameter ........ *1.9% ad val.*

*Claimed under:*

> Schedule 6, Part 2, Subpart B:
>
> Pipes and tubes and blanks therefor, all the foregoing of iron (except cast iron) or steel:

\*      \*      \*      \*      \*      \*      \*

> Other:
>
>> Steel pipe conforming to A.P.I. specifications for oil well casing and steel pipes and tubes of rectangular cross section, whether welded or seamless, having a wall thickness not less than 0.156 inch:
>>
>>> Not threaded and not otherwise advanced:

610.39       Other than alloy steel ................... *0.5% ad val.*

On June 21, 1985, Customs liquidated the entry of the merchandise under item 610.32, TSUS, the tariff provision originally requested by plaintiff. Plaintiff did not file a protest against the liquidation of its entry.

On September 20, 1985, 91 days after the date of liquidation, plaintiff sent Customs a letter requesting reliquidation of its entry. On January 31, 1986, Customs denied plaintiff's request for reliquidation, stating that "no clerical error or other inadvertence correctable under Section 173.4, Customs Regulations (authorized by 19 U.S.C. 1520(c)(1)), has occurred."

On March 18, 1986, plaintiff protested the January 31, 1986 denial of its request for reliquidation. Once again, Customs concluded that "[n]o [1]520(c)(1) error occurred in liquidation." On November 4, 1986, plaintiff commenced this action challenging Customs' refusal to reliquidate the entry of the merchandise in question.

Plaintiff contends that Customs' failure to liquidate the entry of the merchandise under item 610.39 was a "clerical error, mistake of fact or other inadvertence" correctable under section 1520(c)(1), and that the entry should be reliquidated under that classification.

Plaintiff submits that "a mistake was made through inadvertence in reading the description of the merchandise clearly written on the [customs'] invoice." According to plaintiff, "[s]everal entries made * * * at this time had been properly entered under [item 610.39, TSUS] * * *." Plaintiff states, however, that its "broker overlooked the fact that the invoices were marked API plain end casing and entered the material under [610.32,] an incorrect tariff classification due to inattention and carelessness."

Based on the foregoing, plaintiff contends that it "did not make an[y] mistake of law in asserting the Customs classification." Rather, plaintiff argues that "[t]he fact as to the type of merchandise was mistaken * * *." Since plaintiff never asserted "that an error of a legal nature had been made[,]" it submits that the application of section 1520(c)(1) is not precluded.

The defendant contends "that the supposed 'clerical error' or 'inadvertence' asserted by Livingston is nothing more * * * than 'an error in the construction of a law' * * *." According to the defendant, plaintiff's "characterization of its failure to assert a particular classification claim as a 'clerical error' or 'inadvertence[,]' * * * is nothing more than a failure to assert that its merchandise was entitled to a particular legal classification * * *."

The defendant submits that, "even if plaintiff could establish that its broker made a mistake" when the entry papers were submitted "that would not as a matter of law determine and pre-ordain the correct classification, since that required a factual and legal determination of the customs officer responsible for making the liquidated classification." Hence, the defendant contends that "it is clear that the customs officer made a judgment and decision independent of any alleged error on the part of the broker; and that judgment was made with knowledge of plaintiff's claimed provision."

## DISCUSSION

In *Occidental Oil & Gas Co.* v. *United States,* 13 CIT 244, Slip Op. 89–40 at 4 (Mar. 29, 1989), this court stated that "[s]ection 520(c)(1), of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1) (1982), permits reliquidation of an entry to correct a clerical error, mistake of fact, or inadvertence, if the claim is timely made." In pertinent part, section 1520(c)(1) provides that:

> Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction * * *.

19 U.S.C. § 1520(c)(1) (1988). It has been noted that section 1520(c)(1) "is not remedial for *every* conceivable form of mistake or inadvertence * * *, but rather the statute offers 'limited relief in the situations defined therein.'" *Godchaux-Henderson Sugar Co.* v. *United States,* 85 Cust. Ct. 68, 74, C.D. 4874, 496 F. Supp. 1326, 1331 (1980) (emphasis in original) (quoting *Phillips Petroleum Co.* v. *United States,* 54 CCPA 7, 11, C.A.D. 893 (1966)).

For the applicability of section 1520(c)(1), a mistake of fact "has been defined as a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower & Sons of Buffalo, Inc.* v. *United States,* 68 Cust. Ct. 17, 22, C.D. 4327, 336 F. Supp. 1395, 1399 (1972), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974). Inadvertence, a somewhat broader term, has been defined as "an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *C.J. Tower,* 68 Cust. Ct. at 22, 336 F. Supp. at 1399. Nonetheless, as was stated in the *Occidental Oil* case, "[t]he courts have consistently held that section 1520(c)(1) may only be used to correct mistakes of fact or inadvertence and may not be used to rectify allegedly incorrect interpretations of the law." Slip Op. 89–40 at 5.

It is fundamental that a determination by the Customs Service that the imported merchandise is covered by a particular provision or item of the tariff schedules is a conclusion of law. *See Mattel, Inc.* v. *United States,* 72 Cust. Ct. 257, 262, C.D. 4547, 377 F. Supp. 955, 960 (1974). Hence, in the language of prior cases, "an erroneous classification of imported merchandise is not remediable as a clerical error, mistake of fact or inadvertence under section 1520(c)(1)." *Occidental Oil,* Slip Op. 89–40 at 6 (citing *Mattel,* 72 Cust. Ct. at 262, 377 F. Supp. at 960).

In this case, notwithstanding some of plaintiff's factual allegations, it is eminently clear that the determination by the Customs Service that the imported merchandise was classifiable under item 610.32 is a determination of law. Consequently, it is equally clear that plaintiff's "allegation of a mistake of fact or inadvertence is actually a challenge to the legal conclusion of the Customs Service." *Occidental Oil,* Slip Op. 89–40 at 7.

Under the circumstances presented, plaintiff is "limited to seeking relief under § 514 of the Tariff Act of 1930, 19 U.S.C. § 1514, which sets forth the appropriate procedure to protest a misinterpretation of the applicable law and an improper classification by the Customs Service." *Concentric Pumps, Ltd.* v. *United States,* 10 CIT 505, 508, 643 F. Supp. 623, 625 (1986). Plaintiff, however, has not filed an appropriate protest contesting the customs classification of the imported merchandise. Having failed to file a timely protest under section 1514(a), plaintiff cannot now seek relief under a section 1520(c)(1) reliquidation. It is well established and beyond question that section 1520(c)(1) is "not an alternative to the normal liq-

uidation-protest method of obtaining review * * *." *C.J. Tower*, 68 Cust. Ct. at 21, 336 F. Supp. at 1398.

In support of its contentions plaintiff relies upon the *C.J. Tower* case. In *C.J. Tower*, the merchandise in question consisted of aircraft fuel cells imported from Canada. The merchandise was entered under four separate entries that were liquidated between May 31 and July 27, 1966. The merchandise was classified under item 694.90, TSUS, at a duty of 9 per centum *ad valorem*. Plaintiff, the importer of record, did not protest this classification. On November 14, 1966, however, plaintiff requested reliquidation under item 832.00, TSUS, because plaintiff claimed it had not been aware of the fact that the fuel cells were emergency defense purchases which could have been imported duty-free.

In January, 1968, more than one year after the liquidations in question, plaintiff supplied the certificates required for duty-free treatment as emergency war materials under item 832.00, TSUS. On April 10, 1968, Customs denied plaintiff's request for reliquidation because the certificates supplied by plaintiff had not been received within one year of liquidation as necessary for a section 1520(c)(1) reliquidation.

In holding that plaintiff was entitled to relief under section 1520(c)(1), the Customs Court stated that "the parties concede[d] that both the [Customs Service] and the importer were unaware of the facts justifying duty-free entry until after the liquidations became final." 68 Cust. Ct. at 22, 336 F. Supp. at 1399. The court noted that "[s]uch lack of knowledge, both in kind and degree, is such as to clearly come within the statutory language, 'mistake of fact, or other inadvertence.' " *Id.*

In affirming, the court of Customs and Patent Appeals concluded:

> There was a mistake of fact in that [plaintiff] did not know that the fuel cells were emergency war material under a Government contract, the fact being that they were. There was, therefore, no reason to protest. There is no allegation of any error in the construction of a law by anyone. It is a simple matter of being allowed to present the evidence to show that the fuel cells were all along entitled to free entry, although knowledge of that fact was acquired after liquidation of the entries had taken place. The facts were mistaken at the time.

61 CCPA at 96, 499 F.2d at 1282.

Referring to the *C.J. Tower* case, subsequent case law has noted that "[t]he importer in *Tower* was unaware of the nature of the materials being imported prior to liquidation [and][,] [t]herefore, he doubtlessly was unable to enter them properly free of duty at the time of entry." *PPG Indus., Inc.* v. *United States*, 7 CIT 118, 125 (1984). Furthermore, in *C.J. Tower*, it was conceded that both the plaintiff and the Customs Service were unaware of the facts which

justified the duty-free entry until after the liquidations had become final. 68 Cust. Ct. at 22, 336 F. Supp. at 1399.

In this case, plaintiff has not claimed, and, indeed, cannot state that it was unaware or mistaken as to any facts pertaining to the merchandise. Hence, in this action plaintiff can only state that it "carelessly placed the incorrect tariff classification on the entry documents." Plaintiff's correspondence leaves no doubt that it was fully aware of the nature of the imported merchandise.

In all of its submissions plaintiff asserts that its claimed classification for the imported merchandise under item 610.39, TSUS, is correct. Nonetheless, the Customs Service has classified the merchandise under another provision, that is, item 610.32. The applicable statute provides that only an "appropriate customs officer" can "ascertain the classification * * * applicable to * * * merchandise." 19 U.S.C. § 1500(b) (1988). If plaintiff was of the opinion that the customs classification was incorrect, the appropriate procedure or remedy was to file a timely protest pursuant to 19 U.S.C. § 1514(a).

Upon the record before the court, it is the determination of the court that plaintiff has not stated a claim upon which relief may be granted pursuant to section 1520(c)(1). Hence, the defendant's motion is granted, and the action is dismissed.