FABRENE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–03–00206

(Decided August 16, 1993)

*Barnes, Richardson & Colburn (Andrew P. Vance* and *Melvin E. Lazar)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Carla Garcia-Benitez), Arlene J. Klotzko,* Office of the Assistant Chief Counsel, United States Customs Service, of counsel, for defendant.

OPINION

RESTANI, *Judge:* This action is before the court on defendant's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to USCIT Rule 12(b)(5).[1] Plaintiff, Fabrene, Inc. ("Fabrene"), challenges the refusal by the United States Customs Service ("Customs") to reliquidate imports of polyethylene tubing material under 19 U.S.C. § 1520(c)(1) (1988). For the reasons that follow, the motion is granted and the action dismissed.

---

[1] In the alternative, defendant requests that the motion to dismiss be considered as a motion for summary judgment. The court declines to do so.

FACTUAL BACKGROUND

Plaintiff is the importer of polyethylene tubing material with coated sides,[2] made up of two panels of natural coated woven polyethylene strip fabric brought together and overlapped, and imported on rolls. Thirty-three entries of the tubing material were made from January 18, 1989 to August 4, 1989.[3] In an April 5, 1989 ruling request, Fabrene, through its customs broker, C.J. Tower, Inc., suggested that the imported merchandise was properly classifiable under item 6307.90.90 of the Harmonized Tariff Schedule of the United States ("HTSUS") as "[o]ther made up articles, including dress patterns; [o]ther; [o]ther." Samples, however, submitted with the ruling request were "misdirected in transit," consequently Customs did not have the imported merchandise physically present for examination. HQ 084348 (Aug. 3, 1989). Rather, Customs relied on "the description of the merchandise as reported [by the National Import Specialist ("NIS") in New York]."[4]

Customs found the polyethylene tubing material to be "made up" within the meaning of Note 7(c) to Section XI, HTSUS (1987), which defines "made up" as "[h]emmed or with rolled edges."[5] Nevertheless, Customs determined that because the tubing material was in "material form," it was not within the meaning of the term "article" under heading 6307, HTSUS. Thus, the imported merchandise could not be classified under item 6307.90.90, HTSUS. On August 3, 1989, Customs issued its ruling ("First Ruling") holding the tubing material to be properly classifiable under item 5407.20.00, HTSUS, as "[w]oven fabrics obtained from strip or the like." HQ 084348 (Aug. 3, 1989). All entries were liquidated by October 6, 1989.

On January 12, 1990, Customs issued a second ruling ("Second Ruling") modifying its First Ruling after determining it had erred in the classification of the polyethylene tubing material. HQ 085570 (Jan. 12,

---

[2] Fabrene's description of the imported merchandise in its complaint as having "coated sides to the outside," differs from Customs' description of polyethylene tubing material in its January 12, 1990 classification ruling, HQ 085570, which describes the merchandise as having "coated sides to the *inside*." Plaintiff states, however, that the imported merchandise in issue is the same merchandise considered by Customs in its ruling. Plaintiff provided the affidavit of Alan Desbarats, which stated that the reason for the discrepancy was "to more accurately reflect the coating of the fabric for U.S. Tariff purposes, in view of changed tariff language under the HTSUS." Plaintiff's Opposition to Defendant's Motion to Dismiss and attached Exhibit A.

[3] Plaintiff does not challenge the classifications as to Entry Nos. 112–1549328–6, 112–2054327–3, which it states are not the same merchandise considered by Customs in its January 12, 1990 ruling, HQ 085570. Plaintiff's Opposition to Defendant's Motion to Dismiss and attached Exhibit A.

[4] Fabrene requested rulings as to three products: the polyethylene tubing material, and two "sleeves" cut from the same material. Customs' description of the three samples provided:

(1) The first, a tubing material which will be imported on rolls 1094 yards long and 54 to 61 inches wide, is made from two panels of natural coated woven polyethylene strip fabric brought together and overlapped, with the coated sides to the inside. The overlap is indicated in a submitted diagram to be folded over and the two panels joined by heating the edges to a temperature that melts the coating but not the fabric; (2) a sleeve, open at both ends and about 56 inches long, cut from the tubing represented by sample (1); and (3) a sleeve, similar to sample (2), with one end sewn closed. The plastic coating on the woven fabric from which the samples are constructed is not visible to the naked eye. The finished articles will be bags used for the transportation and storage of merchandise such as fiberglass batting.

HQ 084348 (Aug. 3, 1989).

[5] Customs determined that "[s]ince the merchandise has been hemmed along its two lengthwise edges and that hemming is necessary to the intended use of the article when complete, merchandise as represented by the three samples qualifies under Note 7(c) as 'made up'." HQ 084348 (Aug. 3, 1989).

1990). Relying on Note 8 to Section XI, HTSUS,[6] Customs concluded that "since the [polyethylene] tubing material is considered [to be] made up * * * [it] cannot be classified in [item 5407.20.00, HTSUS]." Customs further stated that the First Ruling "relied on an unduly narrow interpretation of the term article." Thus, Customs ruled the imported merchandise was properly classifiable under item 6307.90.90, HTSUS. *Id.*

Fabrene, through its broker, filed three timely claims under 19 U.S.C. § 1520(c)(1) requesting reliquidation of the imported merchandise under item 6307.90.90, HTSUS, on the basis that Customs made a mistake of fact in its First Ruling. Customs denied all three claims. On July 26, 1990, plaintiff filed a timely protest challenging the refusal to reliquidate the entries under § 1520(c)(1). Customs denied the protest on September 20, 1990. Plaintiff appeals from that decision.

## DISCUSSION

Upon a motion to dismiss, the court must decide whether the complaint, with all factual allegations taken as true and construed in the light most favorable to the plaintiff, sets forth facts sufficient to state a legal claim. *See Halperin Shipping Co. v. United States,* 13 CIT 465, 466 (1989); 27 *Federal Procedure,* L.Ed. § 62:468, at 578 (1984). To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference. *See Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991). The court may also consider matters of public record, and items appearing in the record of the case. *See* 5A Wright & Miller, *Federal Practice and Procedure,* Civil 2d § 1357, at 299 (1990). Dismissal is proper "where it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Constant v. Advanced Micro-Devices, Inc.,* 848 F.2d 1560, 1565 (Fed. Cir. 1988) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)), *cert. denied,* 488 U.S. 892 (1988).

Section 1520(c)(1), Title 19, United States Code provides that Customs may reliquidate an entry to correct *inter alia:*

> a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

19 U.S.C. § 1520(c)(1) (1988). A "mistake of fact" has been defined as "a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist."

---

[6] Note 8 provides in pertinent part:

Chapters 50 to 55 * * * do not apply to goods made up within the meaning of [N]ote 7 [to Section XI].

Note 8 to Section XI, HTSUS (1987).

*C.J. Tower & Sons of Buffalo Inc. v. United States,* 68 Cust. Ct. 17, 22, C.D. 4327, 336 F. Supp. 1395, 1399 (1972) (finding mistake of fact where neither importer nor Customs officer were aware merchandise was entitled to duty-free entry), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974). A mistake sufficient to invoke the relief provided by § 1520(c)(1), is one which "goes to the nature of the merchandise and is the underlying cause for its incorrect classification." *See Boast Inc. v. United States,* Slip. Op. 93–20, at 6 (1993).

Plaintiff alleges that Customs' error in the classification of the imported merchandise in its First Ruling resulted from a mistake of fact "as to the character, nature, and the description of the merchandise." Complaint, paragraph 18. Plaintiff, however, has not made any allegations in the complaint or in papers filed with this court that demonstrate the existence of a material fact either unknown or erroneously relied upon by Customs.

Plaintiff's only argument is that had Customs physically examined the sample of the imported merchandise, rather than relying on the description provided by the NIS, it would have properly classified the merchandise under item 6307.90.90, HTSUS. Plaintiff does not allege any facts stating how the NIS description of the imported merchandise was inaccurate. Customs' reliance on the NIS description does not itself establish a mistake of fact. Therefore, the court finds that plaintiff has failed to allege sufficient facts to support its claim that a mistake of fact was committed by Customs as contemplated by § 1520(c)(1).

Furthermore, it is clear, in the present case, that Customs' mistake in the classification of the tubing material resulted from an error in the construction of the applicable law. In its First Ruling, Customs determined that the tubing material could not be considered an "article" within the meaning of heading 6307, HTSUS. An examination of the sample would not have provided additional insight into the imported merchandise because Customs relied on its own construction of the term "article," which is not defined in the applicable notes to heading 6307, HTSUS. The Second Ruling indicates that Customs' erroneous classification of the tubing material also resulted from a failure to consider Note 8 to Section XI, HTSUS, which expressly excludes "made up" goods from classification under chapters 50 to 55, HTSUS. Thus, Customs' erroneous classification resulted from a combination of an error of judgment about the law and a misreading of its applicable provisions. "[A]n error of judgment on the part of [Customs] in making a classification of the merchandise under the wrong [tariff provision] * * * is a mistake in the applicable law." *Fibrous Glass Prods., Inc. v. United States,* 63 Cust. Ct. 62, 64–65, C.D. 3874 (1969), *appeal dismissed mem.,* 57 CCPA 141 (1970).

An importer who believes that Customs has misinterpreted the applicable law and improperly classified his merchandise may file a protest within 90 days after liquidation of the merchandise pursuant to 19 U.S.C. § 1514 (1988). *See B.S. Livingston & Co. v. United States,*

13 CIT 889, 892 (1989). Section § 1520(c)(1) was not intended to serve as "an alternative to the normal liquidation protest method of obtaining review" under § 1514. *See Computime, Inc. v. United States,* 9 CIT 553, 556, 622 F. Supp. 1083, 1085 (1985) (quoting *C.J. Tower,* 68 Cust. Ct. at 21, 336 F. Supp. at 1398). As plaintiff failed to file a protest within the statutory time period allowed by § 1514, the liquidation of the merchandise is final and conclusive. *See* 19 U.S.C. § 1514(a) (1988). Plaintiff may not now seek to rectify Customs' error in the construction of the law under § 1520(c)(1). *See, e.g., Occidental Oil & Gas Co. v. United States,* 13 CIT 244, 246 (1989).

### CONCLUSION

Plaintiff has failed to allege sufficient facts to establish that a mistake of fact was committed by Customs as contemplated by 19 U.S.C. § 1520(c)(1). As the mistake by Customs amounted to an error in the construction of the law, plaintiff has failed to state a claim upon which relief may be granted under § 1520(c)(1). Accordingly, defendant's motion to dismiss is granted and the action dismissed.