Slip Op. 05 - 9

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| | : | |
| NATIONAL SEMICONDUCTOR | : | Court No. 03-00223 |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

[In the plaintiff's civil interest penalty suit arising from defendant's two voluntary prior disclosures to the United States Bureau of Customs and Border Protection, each party moved for summary judgment. Because resolution of this matter requires fact finding and interpretation, both motions are denied.]

Dated: January 26, 2005

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice, (*Stefan Shaibani*); and Office of the Chief Counsel, U.S. Bureau of Customs and Border Protection (*Scott McBride*), of counsel, for the plaintiff.

*Horton, Whiteley & Cooper* (*Robert Scott Whiteley*), for the defendant.

### OPINION AND ORDER

National Semiconductor Corporation ("NSC") undervalued certain integrated circuits and micro-assemblies imported between 1993 and 2000. The undevaluations resulted in $948,159.13 in unpaid merchandise processing fees and were due to erroneous statements on entry documents. NSC reported the matters to the United States Bureau of Customs and Border Protection

("Customs") via two voluntary prior disclosures.[1] After determining that NSC's conduct had been negligent, which NSC does not here dispute, Customs sent notices assessing civil interest-only penalties of $228,924.75 and $21,915.46 with respect to each disclosure in accordance with 19 U.S.C. § 1592(c)(4)(B).[2] NSC disputed these charges. The United States therefore brought this action, consolidating both penalty notices.

At this stage, each party requests summary judgment on the amount, if any, of the customs penalty to be imposed. The government's briefs argue that summary judgment is appropriate because Customs' assessments are proper and that Customs is entitled to judgment as a matter of law for the full interest penalty amounts. It argues that section 1592(c)(4)(B) does not mandate

---

[1] The November 13, 1998 disclosure proceeded from a lengthy review of NSC's customs compliance procedures undertaken by NSC with the assistance of an independent consultant. Specifically, the review determined that inaccurate values had been stated for U.S.-origin components of the micro-assemblies, the articles had been mis-classified, and certain "assists" had not been properly included as additions to the transaction value for the merchandise. Plaintiff's Proposed Findings of Uncontroverted Fact ("PPFUF") at 16. The March 3, 2000/May 29, 2001 disclosure concerned another group of importations involving similar "assist" undervaluations that were later discovered by an NSC employee. PPFUF at 25.

[2] The prior disclosure statute, 19 U.S.C. § 1592(c)(4), provides in pertinent part as follows:

> If the person concerned discloses the circumstances of a violation of subsection (a) of this section before, or without knowledge of, the commencement of a formal investigation of such violation, with respect to such violation, merchandise shall not be seized and any monetary penalty to be assessed under subsection (c) of this section shall not exceed - . . .
>
> * * *
>
> (B) if such violation resulted from negligence or gross negligence, the interest (computed from the date of liquidation at the prevailing rate of interest applied under section 6621 of Title 26) on the amount of lawful duties, taxes, and fees of which the United States is or may be deprived . . .

19 U.S.C. § 1592(c)(4).

mitigation of penalties in prior disclosure cases but permits collecting the full amount of interest without mitigation, that the interest penalty only partially compensates the government for its "monetary losses," and that no mitigation of interest penalties is warranted in this instance.

The government also argues that since interest under the statute is calculated only from the date of liquidation, not from the date of entry, the statute operates as mitigation in its own right. According to the government, Customs' policy since at least 1986 has been that "further" mitigation in voluntary disclosure situations is unwarranted, absent extraordinary circumstances,[3] because "further" mitigation would only provide "unscrupulous" importers with an incentive to violate the customs laws, not least because such would provide them with an "interest free government loan."

NSC's motion for summary judgment responds that the Customs' guideline on "mitigation" for voluntary disclosure situations was and is not in accordance with 19 U.S.C. § 1592(c)(4). That statute provides that "any monetary penalty to be assessed under subsection (c) of this section *shall not exceed* … the interest on the amount of lawful duties" (italics added). By contrast, Customs' guideline read as follows at the time NSC initiated its prior disclosures:

> In actual revenue-loss cases involving a prior disclosure where the degree of culpability is determined to be negligence or gross negligence, the claim for monetary penalty *shall be equal to* the interest computed from the date of liquidation on the amount of the actual loss of revenue resulting from the violation.

---

[3] Pl.'s Br. at 6-7, referencing PPFUF at 35-36 (referencing *Customs' Fines, Penalties & Forfeitures Handbook* (April 1986) (stating that there will be "*No Further Mitigation* of Prior Disclosure Dispositions In the *Absence of Extraordinary* Factors") (emphasis in original)).

19 C.F.R. Pt. 171 App. B(E)(3) (as of Apr. 1, 2000) (italics added).[4] Continuing, NSC urges consideration of the fourteen factors addressed by the Court in *United States v. Complex Machine Works. Co.*, 23 CIT 942, 949-50, 83 F.Supp.2d 1307, 1315 (1999), arguing that such would mitigate against the imposition of a substantial penalty.

Subject matter jurisdiction here is bestowed by 28 U.S.C. § 1582(1). In accordance with USCIT Rule 56(a), summary judgment is appropriate if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). "Under this standard, the court *must* reach a conclusion that there is no factual issue and that the applicable laws warrant judgment in favor of the movant; absent such a conclusion, there can be no summary judgment." *Precision Specialty Metals, Inc. v. United States*, 24 CIT 1016, 1023, 116 F.Supp.2d 1350, 1359 (2000) (emphasis in original). In a summary judgment motion, the movant bears the burden of demonstrating that there is no genuine issue of material fact. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). "In determining if a party has met its burden the court does not 'weigh the evidence and determine the truth of the matter,' but

---

[4] The guideline was amended shortly thereafter, effective July 24, 2000:

> Duty Loss Violation. The claim for monetary penalty shall be equal to the interest on the actual loss of duty computed from the date of liquidation to the date of the party's tender of the actual loss of duty resulting from the violation. Customs notes that there is no monetary penalty in these cases if the duty loss is potential in nature. Absent extraordinary circumstances, no mitigation will be afforded.

19 C.F.R. Pt. 171 App. B(F)(2)(f)(a) (2001). *See* 65 Fed. Reg. 39087 (June 23, 2000).

rather the court determines 'whether there is a genuine issue for trial.'" *G&R Produce Co. v. United States*, 26 CIT 1247, 1249, 245 F. Supp.2d 1304, 1307 (2002) (quoting *Anderson*, 477 U.S. at 249). Furthermore, "[t]he court views all evidence in the light most favorable to the non-moving party, drawing inferences in the nonmovant's favor." *Id*. (referencing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Considering the parties' essential arguments, the Court notes that NSC correctly points out that "shall be equal to" in Customs' guideline(s) does not comport with the statute's sliding-scale language. *Cf. United States v. Yuchius Morality Company, Ltd.*, 26 CIT 1224, 1235 (2002) ("Congress has chosen to adopt only maximums, as opposed to prescribing precise penalties, for proven violations under 19 U.S.C. §1592"). But, to the extent that Customs' actual practice is in accordance with the statute, the argument amounts to a tempest in a teacup. As pointed out by the government, there is nothing in the regulations or guidelines that would preclude a request for mitigation under any circumstances. *Cf.* 19 C.F.R. § 171.1, § 171.2, § 171.11, Pt. 171 App. B(G) (2001).

Under Customs' view, those circumstances must be "extraordinary." The perspective is not unreasonable, and, of course, the prudent exercise of judicial discretion would consider opposing viewpoints without subjugating judicial independence,[5] but considering the government's argument that the prior disclosure statute amounts to mitigation in its own right, because it only partially

---

[5] *See, e.g., United States v. Valley Steel Products Co.*, 15 CIT 268, 271 (1991) ("[t]he amount of the penalty to be assessed is within the sound discretion of the Court, but only after a violation of section 592 has been proven"). *Cf. United States v. Menard, Inc.*, 64 F.3d 678, 680 (Fed. Cir. 1995) (observing that the amount of the civil penalty is within the sound discretion of the trial court).

compensates the government (*i.e.*, "deprives" it of interest from the date of entry), the Court concludes that the argument is also wide of the mark. Until liquidation, the customs duties (and, by implication, interest) owed on a particular importation are uncertain. *Cf.* 19 C.F.R. § 159.1 ("[l]iquidation means the final computation or ascertainment of the duties or drawback accruing on an entry"); 19 C.F.R. Pt. 171 App. B(F)(2)(f)(a) (2001) ("Customs notes that there is no monetary penalty in these cases if the duty loss is potential in nature"). The government's monetization of the matter, upon which interest could be based, is not made certain until such time.

Lastly, the government opposes consideration of the *Complex Machine* factors, as argued by NSC, in the context of this prior disclosure matter for negligence. However, *United States v. ITT Industries, Inc.*, 28 CIT ___, 343 F.Supp.2d 1322 (2004), would proceed to consider some, if not all (as applicable), of those factors in context of a prior disclosure. *See* 343 F.Supp.2d at 1343-44. As in that case, this Court is confronted with appeals to exercise discretion to determine the appropriate amount of the penalty, if any, and the parties' collective assertion that there are no genuine issues of material fact to be resolved by a trial. Undoubtedly, the parties would rather that this matter be summarily resolved, but the reality is that the parties argue contrary interpretations of fact. As observed in *ITT Industries*:

> The Court cannot undertake this analysis on summary judgment. Because the Court has discretion to determine the appropriate penalty amount, . . . the Court is required to weigh evidence, make credibility determinations, and draw inferences from the facts, functions strictly delegated to a fact-finder or jury. . . . As the Court cannot properly perform these functions on summary judgment, the Court must deny the parties' motions on this particular issue and order a trial.

*Id*. The cross-motions at bar are therefore denied, and the plaintiff is hereby ordered to set this matter for trial.

SO ORDERED.


                                                     __/s/_R. KENTON MUSGRAVE, JUDGE_____
                                                        R. KENTON MUSGRAVE, JUDGE


Dated: January 26, 2005
          New York, New York

# ERRATA

*United States v. National Semiconductor Corporation*, Court No. 03-00223, Slip Op. 05-9, dated January 26, 2005:

Page 1: substitute Gary Graff for Scott McBride as the plaintiff's of counsel.

Line 2, correct "undevaluations" to "undervaluations."

January 31, 2005