**ADORENCE COMPANY, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Court No. 77–6–00924.

United States Court of
International Trade.

April 2, 1982.

Siegel, Mandell & Davidson, Ellen E. Rosenberg, New York City, for plaintiff.

Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, Dept. of Justice, Barbara Epstein, New York City, for defendant.

## MEMORANDUM AND ORDER

WATSON, Judge:

The question before the Court is whether defendant was correct when it rejected plaintiff's request for reliquidation of three entries of synthetic knitwear from Korea. Plaintiff sought reliquidation in order to present amended purchase orders which would support a lower valuation and which had mistakenly not been submitted to the Customs Service.

On September 23, 1975 plaintiff filed its petitions for reliquidation under 19 U.S.C. § 1520(c)(1), *as amended by* the Customs Court Act of 1970, Public Law 91–271, § 210, 84 Stat. 287 (520(c)(1)).[1] Plaintiff's petitions were denied on the grounds that

---

1. Section 520(c)(1) provides that:

(c) notwithstanding a valid protest was not filed, the appropriate Customs officer may, in accordance with the regulations prescribed

by the Secretary, reliquidate an entry to correct. . . .

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the import-

they were not timely filed, and did not set forth appropriate grounds for relief under section 520(c)(1).

Plaintiff then commenced this action and the matter is now before the Court on plaintiff's motion for summary judgment and defendant's motion to dismiss and cross-motion for summary judgment. The cross motions for summary judgment involve the question of whether the reasons for which plaintiff sought reliquidation were of the type provided for in section 520(c)(1). However, because the motion to dismiss raises the question of whether the requests for liquidation were timely filed, it places the jurisdiction of the Court in issue and must be addressed at the outset. Obviously, if the plaintiff did not request reliquidation within the time provided by law, an essential jurisdictional prerequisite to the bringing of such an action is lacking.

The timing of requests for reliquidation of this type is controlled by the final portion of 520(c)(1). A party is given one year after the date of entry or transaction, or 90 days after the liquidations or exaction, if that occurs more than nine months after the date of entry. In other words, the time can extend beyond a year from the date of entry if the liquidation takes place more than nine months after entry.

In this action, the dates of entry were August 7th, September 4th and September 19th of 1974 and the dates of liquidation were December 6, 1974 and May 23rd and May 30th of 1974. As will be recalled, plaintiff filed its petition for reliquidation on September 23, 1975. Due to the fact that the liquidations took place less than nine months after the dates of entry it would appear that the requests for reliquidation had to be made within one year of the dates of entry, a period which had expired before the requests were filed in this action. Nevertheless, plaintiff argues here that it had one year from the dates of liquidation to request reliquidation.

It reaches that point by first positing that the use of the wrong value information by the appraising official at the time of liquidation was an error separate and apart from the earlier submission of the wrong information by plaintiff in the entry. It then characterizes the act of liquidation as a "transaction," one of the two events from which the statute allows a year for the making of a request for reliquidation.

The Court does not accept the concept of repetitive error with which plaintiff's reasoning begins. Without characterizing the nature of the error—and this is a question the Court does not reach—it is the opinion of the Court that the error occurred only once, specifically when incorrect values were placed on the entry papers by plaintiff. The later uses of the erroneous data do not constitute new errors but rather are the unavoidable and normal manifestations of the original error. If plaintiff's reasoning was correct, there would be no reason for the statute to specify any events prior to the liquidation because all errors would eventually be incorporated or accumulate in the liquidation and constitute errors at that final stage. By specifying certain events the statute recognizes that errors are discrete events and that their occurrence can be fixed in time and associated with one or the other of the steps in the administrative process of importation.

These errors were made in the entries and the statute clearly allows either a year from that time or 90 days after the liquidation if they are liquidated more than nine months after entry.

If the error had occurred in the liquidation for the first time then there would be some plausibility to plaintiff's argument that the liquidation would be one of those customs transactions from which a year would be allowed for correcting errors. Here, however, if there was a mistake in

---

er and manifest from the record or established by documentary evidence, in an entry, liquidation, or other inadvertence is brought to the attention of the Customs Service within one year after the date of the entry, or

transaction, or within 90 days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction.

the liquidation, it resulted solely from the error in the entry. Therefore, in these circumstances the liquidation is simply the final administrative act which, if it occurred more than nine months after entry, gave a party only 90 more days to correct an error. Since the liquidations here were done less than nine months after entry the only relevant time period was one year from entry. Having failed to request reliquidation within that time plaintiff did not satisfy the statutory time limits and defendant was correct to reject its requests on that ground.

Plaintiff purports to find support for its claim to one year from liquidation in the 1970 amendment to this provision in which specific mention of appraisement was deleted from the statute. The deletion reflected the consolidation of the appraisement decision into a single liquidation procedure. In its explanation of the deletion of specific mention of appraisement the committee stated that "Since any element of the liquidation continues to be subject to such a petition, the appraisement itself remains subject to existing rights under section 520(c)(1)." H.Rep.No.91–1067, 91st Cong., 2d Sess. 3217 (1970), U.S.Code Cong. & Admin.News 1970, pp. 3188, 3217.

This fragment of legislative history and the amendment it explained had nothing to do with the time limitations contained in the statute. Whether the act of appraisement was mentioned separately or subsumed in the act of liquidation, the time to seek a reliquidation for errors in an entry could not be extended beyond 90 days after liquidation and then only if the liquidation was taking place more than nine months after the date of entry. It was only at a later time, after the period relevant to this action that Congress amended section 520(c)(1) to permit a request for reliquidation to be made within one year of the date of liquidation. See, S.Rep.No.95–778, 95th Cong., 2d Sess. 2243 (1978), U.S.Code Cong. & Admin.News 1978, p. 2211.

In this action the liquidations took place within nine months of the dates of entry. Consequently, under the law in effect at the time, plaintiff had one year from the dates of entry to make the requests for reliquidation. It follows that defendant is correct in arguing that the requests were untimely and that the Court lacks jurisdiction. *St. Regis Paper Co. v. United States*, —— C.I.T. ——, ——, Slip Op. 81–100, 15:48 Cust.Bull. 35 (November 3, 1981). Plaintiff's argument for an extended period of time finds no support in *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974), in that the request for reliquidation in that action was timely and it was merely the filing of supporting documents which took place later.

In light of the above, the Court orders that this action be, and the same hereby is, dismissed for lack of jurisdiction.