**UNIVERSAL COOPERATIVES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 88-08-00648.**

United States Court of International Trade.

June 27, 1989.

Johnson, Killen, Thibodeau & Seiler, Thomas R. Thibodeau, Duluth, Minn., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty.-in-Charge, Intern. Trade Field Office, Nancy M. Frieden, Dept. of Justice, Civ. Div., Commercial Litigation Branch, New York City, for defendant.

WATSON, Judge:

This case raises the question of whether the importer, having failed to file a protest in time to prevent the tariff treatment of its merchandise from becoming final under Section 514 of the Tariff Act of 1930, can take advantage of the more generous time period allowed by Section 520(c) of said Act, 19 U.S.C. § 1520(c) and obtain relief by characterizing the adverse tariff treatment as arising from a "mistake of fact" by the Customs Service.

In general, Section 514 makes tariff treatment of merchandise final and conclusive, unless that treatment is protested within ninety days of liquidation.[1] Section 520(c) allows an exception to the finality of Section 514, and permits reliquidation of the merchandise to correct clerical errors, mistakes of fact, or other inadvertences not amounting to errors of law[2], if they are

---

**1.** Section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a), provides, in pertinent part:

   (a) ... decisions of the appropriate customs officer ..., as to—

       \*    \*    \*    \*    \*    \*

   (2) the classification and rate and amount of duties chargeable;

       \*    \*    \*    \*    \*    \*

   (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

       \*    \*    \*    \*    \*    \*

   (5) the liquidation ... of an entry ...;

       \*    \*    \*    \*    \*    \*

shall be final and conclusive upon all persons ... unless a protest is filed in accordance with this section, or unless civil action contesting the denial of a protest ... is commenced in the United States Court of Interna-

tional Trade in accordance with [28 U.S.C. §§ 2631 and 2632]....

**2.** 19 U.S.C. § 1520(c) provides, in pertinent part:

   Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

   (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction;

brought to the attention of the appropriate customs officer within one year after liquidation.

The question presented here originated in a 1983 importation of polypropylene baler twine. The plaintiff entered it as twine produced from polypropylene strips over an inch in width, a state of facts which would have entitled it to duty-free classification under Item 774.55 of the Tariff Schedules of the United States ("TSUS"). Based on laboratory analysis of a sample, the Customs Service determined that the polypropylene strips were *less than one inch* in width and, as a result, classified the entry as cordage of man-made fiber under Item 316.55 of the TSUS. The entry was liquidated on May 1, 1987 and plaintiff's protest, filed on the ninety-first day thereafter, was denied as untimely. On October 6, 1987 plaintiff filed a petition for reliquidation under 19 U.S.C. § 1520(c)(1), which was denied ten days later. Thereafter, plaintiff filed a timely protest against the government's refusal to reliquidate, and, after that protest was denied, commenced this action. The action is therefore based on the premise that the Customs Service's determination that the polypropylene strips were less than one inch wide, was a mistake of fact of the sort which may be corrected under 19 U.S.C. § 1520(c) and the government's failure to do so should be rectified by the Court.

The government has moved under Rule 12(b)(6) of the Rules of This Court, to dismiss the action for failure to state a claim upon which relief can be granted. The government argues that a protest under 19 U.S.C. § 1514 was the only proper means by which to place the width of the polypropylene strips in dispute.

The plaintiffs insist that the government's conclusion that the strips were less than an inch in width was mistaken, that this was a mistake as to a *fact* and therefore, that this is the situation for which the relief of 19 U.S.C. § 1520(c)(1) was intended. Plaintiff seeks to characterize the government's motion to dismiss as a motion for summary judgment in which a factual dispute as to the width of the strips

precludes judgment. But that factual dispute cannot come before resolving the fundamental question of whether or not the government was correct to deny reliquidation for lack of the statutory prerequisites. Consequently, the first, and, as it turns out, exclusive issue in this action, is whether the prerequisite of a mistake of fact was present in this situation.

Plaintiff's argument that this perquisite was satisfied has a logic based on a complete misunderstanding of the law. According to plaintiff, the width of the strips is a fact; the government's conclusion as to that width was mistaken; therefore, the result is a mistake of fact, something which 19 U.S.C. § 1520(c)(1) was designed to correct. The flaw in this logic is that there are more types of factual mistakes than are dreamt of in plaintiff's philosophy. There is the *decisional* mistake in which a party may make the wrong choice between two known, alternative set of facts. There is also the *ignorant* mistake in which a party is unaware of the existence of the correct alternative set of facts. The decisional mistake must be challenged under Section 514. The ignorant mistake must be remedied under Section 520.

If there was a mistake here, it was surely of the decisional type. The government knew that plaintiff was seeking to enter the merchandise in a manner which required that the strips be wider than an inch. Nevertheless, the government, relying on a laboratory testing of a sample, rightly or wrongly, made a decision that the strips were less than one inch wide. This created a situation for which the conventional protest method of 19 U.S.C. § 1514 was manifestly designed, i.e., an importer with a fully informed position regarding its merchandise, confronting an informed, but adverse decision by the government. One of them may have been mistaken as to the correct state of the facts, but it was not from total ignorance of a possible alternative state of facts.

In contrast, a mistake arising from ignorance is well illustrated by the circumstances in *United States v. C.J. Tower & Sons*, 61 CCPA 90 C.A.D. 1129, 499 F.2d 1277

(1974). In that case the importer did not know that the importation was entitled to duty-free entry (as emergency war material) until after liquidation of the entries had taken place. For that reason, to demand a protest against the original liquidation would have been palpably unfair and the only solution was that provided by the procedure of reliquidation. Here, however, all relevant positions as to the facts were known prior to the original liquidation and it would have been no hardship, and certainly no impossibility, for plaintiff to have made a timely protest against that liquidation. If the government was mistaken as to the facts as a result of having chosen incorrectly from a number of known alternatives, then the condition precedent for contesting that decision in court was the making of a timely protest under Section 514, thus allowing the question to be considered administratively in the most orderly and efficient way.

For the reasons given above it is hereby ORDERED that defendant's motion to dismiss this action for failure to state a claim be, and the same hereby is, granted.