Slip Op. 04-67

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: CARMAN, JUDGE

|  |  |  |
|---|---|---|
| | **:** | |
| **BROTHER INTERNATIONAL CORP.,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| v. | **:** | **Consol. Court No. 00-01-00006** |
| | **:** | |
| **UNITED STATES,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

[Plaintiff's motion for summary judgment is denied; Defendant's cross-motion for summary judgment is denied.]

    *Barnes, Richardson & Colburn* (*Sandra Liss Friedman*, *Jennifer L. Morgan*, *Helena D. Sullivan*), New York, New York, for Plaintiff.

    *Peter D. Keisler*, Assistant Attorney General; *Barbara S. Williams*, Attorney-in-Charge, International Trade Field Office; *Bruce N. Stratvert*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Yelena Slepak*, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, Of Counsel, for Defendant.

Dated: June 10, 2004

## OPINION

    **CARMAN, JUDGE:** Plaintiff Brother International Corporation ("Plaintiff") moves for summary judgment. Plaintiff challenges the United States Customs Service's, now organized as the Bureau of Customs and Border Protection ("Customs"), denial of its protest asking Customs to reliquidate thirty-eight entries of merchandise consisting of Multi-Function Centers ("MFCs") which were misclassified due to a mistake of fact, as provided by 19 U.S.C. § 1520(c)(1) (2000).

Defendant cross-moves for summary judgment, asserting that Plaintiff's misclassification of the merchandise was not a mistake of fact; rather, it was a mistake of law, which cannot be remedied under § 1520(c)(1). This Court has jurisdiction to review this matter under 28 U.S.C. § 1581(a) (2000). The Court denies Plaintiff's motion for summary judgment and denies Defendant's cross-motion for summary judgment for the reasons articulated below.

## BACKGROUND

The merchandise at issue is MFCs with model numbers: MFC-4550, MFC-4550DS, MFC-6550MC, and MFC-7550MC. (Pl.'s Statement of Material Facts Not in Dispute Pursuant to R. 56(h) ("Pl.'s Statement") ¶ 4; Def.'s Resp. to Pl.'s Statement of Undisputed Facts ("Def.'s Resp.") ¶ 4.) Models MFC-4550 and MFC-4550DS are known as "five-in-one" MFCs, and consist of a laser printer, copier, facsimile machine, PC fax, and a scanner. (Pl.'s Statement ¶ 5; Def.'s Resp. ¶ 5.) Models MFC-6550MC and MFC-7550MC, referred to as "six-in-one" MFCs, consist of a laser printer, copier, facsimile machine, PC fax, a scanner, and an answering machine. (Pl.'s Statement ¶ 6; Def.'s Resp. ¶ 6.) All models at issue "employ a printing mechanism that uses laser technology." (Pl.'s Statement ¶ 8; Def.'s Resp. ¶ 8.) For convenience, the Court will refer to all models of the subject merchandise as MFCs. The MFCs were entered between June 24, 1996, and February 5, 1997, and liquidated between October 11, 1996, and May 23, 1997. Customs Ruling Letter HQ 228629 (Sept. 17, 2002) (Def.'s Ex. 6); (Def.'s Mem. in Supp. of Its Mot. for Summ. J. and in Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Mem.") at 3.)

Prior to importation, Mitchell von Poederoyen, a national account manager for Plaintiff's

customs broker, FedEx Trade Networks[1], classified the MFCs under subheading 9009.12.0000 of

the Harmonized Tariff Schedule of the United States ("HTSUS"). (Pl.'s Statement ¶¶ 19, 35-37;

Def.'s Resp. ¶¶ 19, 35-37.) Accordingly, Customs liquidated the entries at 3.7% *ad valorem*.[2]

Customs Ruling Letter HQ 228696 (Def.'s Ex. 6).

In July 1997, Plaintiff requested a tariff classification ruling for the MFC-4550, one of the

MFC models at issue in this case. Customs Ruling Letter NY B87982 (Aug. 4, 1997) (Def.'s Ex.

4). In August 1997, Customs issued a ruling letter responding to Plaintiff's request. *Id.* In that

letter, Customs described the MFC-4550 as "a multi-function machine in one common housing

that can perform[] printing, copying, scanning, fax and PC fax functions," and found that "the

printing function . . . dictates the principal function of [the] machine." *Id.* Based upon this

finding, Customs concluded that the MFC-4550 should be classified under subheading

8471.60.6200,[3] HTSUS, "which provides for other laser printer units," and is a duty free

---

[1] Formerly Tower Group International. (von Poederoyen Aff. of June 20, 2003, ¶ 1 (Pl.'s Ex. 1).)

[2] Subheading 9009.12.0000 provides:

9009 Photocopying apparatus incorporating an optical system or the of the contact type and thermocopying apparatus; parts and accessories thereof:
     Electrostatic photocopying apparatus:

\*\*\*

9009.12.00 Operating by reproducing the original image via an intermediate onto the copy (indirect process)...................................................................... 3.7%

[3] Subheading 8471.60.6200 states:

8471 Automatic data processing machines and units thereof; magnetic or optical readers, machines for transcribing data onto data media in coded form and machines for processing

provision. *Id.*

In April 1999, Brother filed protests requesting reliquidation of the entries at issue in this case. *See* Summons at 1, *Brother Int'l v. United States*, No. 00-01-00006 (Ct. Int'l Trade filed Jan. 6, 2000) (challenging Protest No. 2701-99-100963 (Apr. 13, 1999)); Summons at 1, *Brother Int'l v. United States*, No. 03-00026 (Ct. Int'l Trade filed Jan. 21, 2003) (challenging Protest No. 2704-99-100964 (Apr. 13, 1999)).[4] Customs denied both protests. *See* Customs Ruling Letter HQ 228696 at 5 (Def.'s Ex. 6); Summons at 1, *Brother Int'l*, No. 00-01-00006. Plaintiff requested further review of Protest Number 2704-99-100964 and again requested reliquidation of the entries alleging a mistake of fact pursuant to 19 U.S.C. § 1520(c)(1). Customs Ruling Letter HQ 228696 at 1 (Def.'s Ex. 6). Customs denied the protest, finding that any misclassification was due to a mistake of law. *Id.* at 8, 10-11. Plaintiff timely filed its summons in this Court to challenge both Customs' decisions. (Pl.'s Statement ¶ 3; Def.'s Resp. ¶ 3.)

## STANDARD OF REVIEW

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

such data, not elsewhere specified or included:

| | |
|---|---|
| 8471.60 | Input or output units, whether or not containing storage units in the same housing: |

\*\*\*

| | | |
|---|---|---|
| 8471.60.62 | Other .......................................................................... | Free |

[4] Both cases were consolidated under Court Number 00-01-00006. *See Brother Int'l v. United States,* No. 03-00026 (Ct. Int'l Trade Apr. 9, 2003) (order granting consent motion to consolidate ).

matter of law." USCIT R. 56(c); *see also*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962) (per curiam); *see also Avia Group Int'l v. L.A.Gear Cal., Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988). The party moving for summary judgment "bears the burden of demonstrating the absence of all genuine issues of material fact." *Avia Group Int'l*, 853 F.2d at 1561; *Black and White Vegetable Co. v. United States,* 125 F. Supp. 2d 531, 536 (Ct. Int'l Trade 2000) (citations omitted).

### PARTIES' CONTENTIONS

I.      *Plaintiff's Contentions*

Plaintiff alleges that Customs' refusal to reliquidate the entries of MFCs to correct the result of a mistake of fact as permitted pursuant to 19 U.S.C. § 1520(c)(1) is "in error and without legal justification." (Pl.'s Mem. of Law in Support of Mot. for Summ. J. ("Pl.'s Mem.") at 7.) Plaintiff identifies four requirements that an importer must satisfy in order to be entitled to reliquidation of an entry made in error due to a mistake of fact: (1) "there must be a mistake of fact;" (2) the mistake "must not amount to an error in the construction of the law;" (3) the mistake is adverse to the importer; and (4) the mistake is established by documentary evidence. (*Id.* at 9 (citing 19 U.S.C. § 1520(c)(1); 19 C.F.R. § 173.4 (Customs regulation implementing § 1520(c)(1))).) Plaintiff advances the following arguments to demonstrate its compliance with the statutory requirements.

First, Plaintiff contends that the circumstances surrounding the classification of the MFCs amount to "the kind of misapprehension" that courts have identified as a mistake of fact. (*Id.* at

11 (citing *Degussa Canada Ltd. v. United States*, 87 F.3d 1301, 1304 (C.C.P.A. 1996); *C.J. Tower & Sons v. United States*, 336 F. Supp. 1395, 1399 (Cust. Ct. 1972), *aff'd*, 499 F.2d 1277 (Fed. Cir. 1974).)   Plaintiff argues that a mistake of fact occurred because of its customs broker's employee's "lack of knowledge regarding the exact physical properties of MFCs" and his "unaware[ness] of the history of the development of the MFCs," specifically that the MFC evolved from a printer and that additional functions were added to the existing printing function. (*Id.* at 7-8, 11-12 (citing von Poederoyen Aff. of June 20, 2003, ¶¶ 6-8, 11 (Pl.'s Ex. 1); Hatano Aff. of Aug. 1, 2003, ¶ 4 (Pl.'s Ex. 2); Cummins Aff. of July 7, 2003, ¶¶ 7-9, 12 (Pl.'s Ex. 3).)   Plaintiff adds that Mr. von Poederoyen's belief that all of the functions of the MFCs were of equal importance is "a fact that [he] thought existed . . . [but] in reality did not exist."  (*Id.* at 12 (citing von Poederoyen Aff. of June 20, 2003, ¶¶ 6, 8 (Pl.'s Ex. 1); Hatano Aff. of Aug. 1, 2003, ¶ 4 (Pl.'s Ex. 2).)   Plaintiff explains that this lack of knowledge formed Mr. von Poederoyen's belief that all of the functions of the MFCs – printing, copying, and faxing – were of equal importance and that the MFCs had no primary function or essential character.  (Pl.'s Mem. at 4, 7; von Poederoyen Aff. of June 20, 2003, ¶ 8 (Pl.'s Ex. 1).)   Plaintiff asserts that Mr. von Poederoyen did not personally examine the MFCs prior to classification.  (*Id.* at 4.)   Plaintiff attributes Mr. von Poederoyen's erroneous belief on his reliance on conversations with Tomohisa Hatano, Plaintiff's import manager at the time, and on the "line art consisting of a draft of product literature supplied by Brother."  (*Id.* at 4 (citing von Poederoyen Aff. of June 20, 2003, ¶¶ 5-7 (Pl.'s Ex. 1); Hanato Aff. ¶ 3 (Pl.'s Ex. 2)).)   It was Mr. von Poederoyen's erroneous belief, Plaintiff argues, that led him to use General Rule of Interpretation ("GRI") 3(c), which resulted in the misclassification of the MFCs under subheading 9009.12.0000, HTSUS, "the

heading that occurs last in numerical order among the potential suitable provisions." (Pl.'s Mem. at 4-5, 7; von Poederoyen Aff. of June 20, 2003, ¶¶ 8-9 (Pl.'s Ex. 1).)

Second, Plaintiff contends that there is no error in the construction of law. (*Id.* at 17 (citing *Hambro Auto. Corp. v. United States*, 603 F.2d 850, 855 (C.C.P.A. 1979) (in turn quoting 58 C.J.S. *Mistake* § 832)).) Plaintiff asserts that the error made by its customs broker was an "ignorant mistake" and not a "decisional mistake." (*Id.* at 15-16.) Plaintiff contends that a decisional mistake occurs when "a party make[s] the wrong choice between two known, alternative set of facts," and acknowledges that such a mistake cannot be corrected under § 1520(c)(1); however, an ignorant mistake occurs when "a party is unaware of the existence of the correct alternative set of facts," and such a mistake "must be remedied under [§ 1520(c)(1)]." (*Id.* at 15-16 (quoting *Universal Coops., Inc. v. United States*, 718 F. Supp. 1113, 1114 (Ct. Int'l Trade 1989)).) According to Plaintiff, "[a]s demonstrated conclusively in the affidavits . . . , the facts informing the classification of the MFCs were <u>not</u> known when the subject MFCs were first imported." (*Id.* at 17.) Plaintiff contends that Mr. von Poederoyen was working with "one[] erroneous fact scenario," and not "choos[ing] between two fact scenarios." (*Id.* at 8.) Plaintiff adds that after Mr. von Poederoyen misclassified the MFCs, he was erroneously reassured by his discovery of the "Lanier Ruling," a New York Customs ruling "in which Customs classified a 'Multi-functional fax/copier/printer' in HTSUS subheading 9009.12.0000 as electrostatic photocopying apparatus." (*Id.* at 5 (citing von Poederoyen Aff. of June 20, 2003, ¶ 10 (Pl.'s Ex. 1); Customs Ruling Letter NY 897546 (May 9, 1994) ("Lanier Ruling")).) Plaintiff contends that Mr. von Poederoyen's reassurance was misplaced because he was, in fact, unfamiliar with the details of the Lanier Ruling, unaware of significant differences between the merchandise that he

classified and the merchandise addressed in the Lanier Ruling, including differences in size, weight, printing speeds, print resolution, and differences in the types of customers Plaintiff and Lainer target and the difference in services provided to their customers. (*Id.* at 5 (citing von Poederoyen Aff. of June 20, 2003, ¶ 10 (Pl.'s Ex. 1); Cummins Aff. of July 7, 2003, ¶ 16(a-d) (Pl.'s Ex. 3)).)

Third, Plaintiff contends that mistake of fact is established by documentary evidence in this case. (*Id.* at 17.) Plaintiff states that the documentary evidence necessary to support the existence of a mistake of fact is: "(a) the correct state of facts; and (b) that either the importer or Customs had a mistaken belief as to the correct state of facts." (*Id.* (quoting *Chrysler Corp.*, *v. United States,* 87 F. Supp. 2d 1339, 1352 (Ct. Int'l Trade 2000)) .) Plaintiff offers the affidavit of Donald Cummins, Plaintiff's Director of Marketing at the time of classification, to establish the "correct state of facts." (*Id.* (citing Cummins Aff. of July 7, 2003 (Pl.'s Ex. 3)).) Plaintiff contends that the affidavits of Mr. von Poederoyen and Mr. Hatano establish that Brother, as the importer, "had a mistaken belief as to the correct state of facts." (*Id.* at 18.) Plaintiff advances that a Customs ruling letter issued after the classification and liquidation of the MFCs at issue in this case is evidence that "Customs has acknowledged [the correct state of ] facts by incorporating them into its classification analysis for the MFC 4550," one of the models at issue in this case. (*Id.* at 18 (citing Customs Ruling Letter NY B87982).) Plaintiff concludes that it has made the showing of documentary evidence required by § 1520(c)(1). (*Id.*)

Fourth, Plaintiff contends the mistake of fact is adverse to it, the importer, because the resulting misclassification led to the MFCs being entered under subheading 9009.12.0000, HTSUS, at 3.7% *ad valorem*, rather than under subheading 8471.60.6200, HTSUS, which

provides for duty-free entry. (*Id.*) As a result, Plaintiff asserts that it overpaid duties on the MFCs. (*Id.*) Plaintiff points out that this Court has held that overpayment of duties is adverse to the importers. (*Id.* (citing *Taban Co. v. United States*, 960 F. Supp. 326, 336 (Ct. Int'l Trade 1997).).)

Lastly, Plaintiff notes that, after establishing that a mistake of fact has been made, the importer does not need "to demonstrate the underlying cause of the factual misunderstanding." (*Id.* at 18-19 (citing *Chrysler Corp.*, 87 F. Supp. 2d at 1352).) Plaintiff adds that such a requirement would render the remedy provided under § 1520(c)(1) nearly impossible to attain. (*Id.* at 19.)

II.     *Defendant's Contentions*

Defendant contends that summary judgment should be granted in its favor because Customs' decision to deny Plaintiff's request to reliquidate the MFCs was correct. (Def.'s Mem. at 2.) Defendant asserts that Plaintiff's "mistake in the classification of the [MFCs] as copiers pursuant to GRI 3(c) was an error in the construction of law, which is not remediable under 19 U.S.C. §1520(c)(1)." (*Id.* at 2, 5.) Defendant states that "[i]ncorrect determinations as to 'the proper meaning of specific terms in the tariff provision' constitute mistakes of law, whereas incorrect determinations as to 'whether the importer erroneously described the merchandise on the invoice used to prepare the entry' constitute mistakes of fact." (*Id.* at 12 (quoting *Executone Info. Sys. v. United States*, 96 F.3d 1383, 1388 (Fed. Cir. 1996)).) Defendant asserts that Plaintiff "determined what it considered the appropriate tariff classification to be for its planned first importations of MFCs" in 1995. (*Id.* at 3 & n.3 (noting that Plaintiff's November 13, 1995, news release describes the predecessor MFCs as "true Laser Multi-Function Centers (MFCs)")).)

Defendant notes that the MFCs were "described on the commercial invoices as MFC Multi-functional Copier/Printer/Fax . . . [and were] liquidated as entered, as copiers . . . in subheading 9009.12.00, HTSUS, at 3.7% *ad valorem*." (*Id.* at 2.) Defendant adds that a copy of the Lanier Ruling was included in the documents accompanying each MFC entry. (*Id.* at 3 (referring to Customs Ruling Letter NY 897540).) Defendant also submits "'line Art' for the MFCs consisting of a drawing and product specifications," such as printing speed, rate of facsimile transmission, etc., to establish its contention that Mr. von Poederoyen knew the physical details of the merchandise he was classifying. (*Id.* at 3-4 (referring to Def.'s Ex. 1; von Poederoyen Aff. of June 20, 2003 ¶ 5 (Pl.'s Ex. 1); Hatano Aff. of Aug. 1, 2003 ¶ 3 (Pl.'s Ex. 2)).)

Defendant states that Plaintiff's assertion that a lack of knowledge of the physical characteristics and the historical development of the MFCs resulted in a mistake of fact which led to the alleged misclassification of the MFCs is without merit. (*Id.* at 7.) Defendant argues that the conclusion that the MFCs' other functions (i.e., faxing and copying) were not equally important as the printing function does not necessarily follow from "the fact that the MFCs were developed from printer technology." (*Id.* at 7, 14.) Defendant asserts that "the manufacturing history of a multifunction machine is but one minor factor that can be taken into account in determining the principle function of a multifunction machine," and "it does not follow that knowledge of this fact would have resulted in a different classification of the subject machines." (*Id.* at 15.) Defendant asserts that in the Customs ruling letter denying Plaintiff's request for reliquidation, Customs thoroughly examined the affidavits of Messrs. von Poederoyen, Hatano, and Cummins and concluded that "the true nature of the product was NOT unknown to . . . Messrs. von Poederoyen and Hatano." (*Id.* at 10 (quoting Customs Ruling Letter HQ 228696 at

10).) Defendant notes that Customs found that the record does not demonstrate Mr. von Poederoyen and Mr. Hatano made a mistake of fact and, further, found "neither proof nor allegation of [Messrs. von Poederoyen or Hatano's] mutual or independent knowledge of any fact regarding the nature of the machines to be other than true, and that, fully knowledgeable of all true facts, they determined that the machines were classifiable in accordance with Customs ruling NY 897540 [the Lanier Ruling]." (*Id.* at 8 (quoting Customs Ruling Letter HQ 228696 at 7-8).) Defendant contends that this conclusion is unchanged by the "new affidavits" submitted in support of Plaintiff's motion for summary judgment. (*Id.* at 9-10.) Accordingly, Customs' denial of the protest based on its finding of an error in the construction of a law should be affirmed. (*Id.* at 10 (citing Customs Ruling Letter HQ 228696).)

Defendant observes some inconsistencies between Messrs. von Poederoyen and Hatano's "new affidavits" and the earlier affidavits of these individuals used by Customs in deciding not to reliquidate the MFCs under § 1520(c)(1). (*Id.* at 9.) Specifically, Defendant notes that in the "new affidavits," both Messrs. von Poederoyen and Hatano "claim that they became aware of [the Lanier Ruling] after deciding to classify the merchandise as copiers in subheading 9009.12.00, HTSUS;" however, in deposition testimony and in the earlier affidavit submitted in support of Plaintiff's request for reliquidation, Defendant asserts that Mr. von Poederoyen "stated that he based his classification of the MFCs on his review of the [GRIs] and the Lanier Ruling." (*Id.* at 4, 9 (citing von Poederoyen Dep. at 22-23; von Poederoyen Aff. of March 19, 1999, ¶ 5; von Poederoyen Aff. of June 20, 2003, ¶ 10).) Defendant also points out that the Customs' ruling letter noted that neither Mr. von Poederoyen's nor Mr. Hatano's affidavits made mention of the way in which correct knowledge of the characteristics of the MFCs would have altered the

classification of the MFCs,  (*Id.* at 9 (quoting Customs Ruling Letter HQ 228696 at 8-9)); yet, in the "new affidavits," both individuals claim that "had they 'been aware of the true physical nature' of the MFCs, it would have affected their classification determinations."  (*Id.* at 10.) Defendant concludes that, for the reasons articulated in its motion, summary judgment should be granted in its favor, and the case should be dismissed.  (*Id.* at 20-21.)

**DISCUSSION**

**There is a Genuine Issue of Material Fact as to Whether Plaintiff's Customs Broker Knew the Physical Characteristics of the MFCs at the time of Classification**.

"[A]t the summary judgment stage the [Court's] function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  "Whether a disputed fact is material is identified by the substantive law and whether the finding of that fact might affect the outcome of the suit."  *E.I. Dupont de Nemours & Co. v. United States*, 123 F. Supp. 2d 637, 639 (Ct. Int'l Trade 2000) (citing *Anderson*, 477 U.S. at 248).  In this case, the parties dispute whether Plaintiff's customs broker, Mr. von Poederoyen, was aware of the physical characteristics of the MFCs at the time of classification.  This dispute constitutes a genuine issue as to a material fact, rendering summary judgment inappropriate.

The factual dispute is genuine because a reasonable fact finder could return a verdict for either Plaintiff or Defendant, finding that Mr. von Poederoyen possessed or did not possess the correct facts about the physical characteristics of the MFCs.  Plaintiff argues that Mr. von Poederoyen did not possess the correct facts, because the information presented to him by Mr.

Hatano and contained in the line art was incorrect and incomplete. (Pl.'s Mem. at 4-5.)

Defendant counters that the line art included a complete and accurate picture of the physical

characteristics of the MFCs, and, despite possessing the correct set of facts about the MFCs, Mr.

von Poederoyen misclassified the machines. (Def.'s Mem. at 3-4; Def.'s Ex. 1.) Defendant

additionally raises a credibility issue, stating that in an affidavit submitted to Customs in support

of Plaintiff's request for reliquidation, Mr. von Poederoyen stated that he relied on the Lanier

Ruling to classify the MFCs, but in the affidavit submitted in support of Plaintiff's motion for

summary judgment, Mr. von Poederoyen states that he learned of the Lanier Ruling after

classifying the MFCs, and the Lanier Ruling merely affirmed his classification decision. (*Id.* at

4, 9 (comparing von Poederoyen Aff. of March 19, 1999, ¶ 5, with von Poederoyen Aff. of June

20, 2003, ¶ 10).)

Further findings of facts are necessary to determine the extent of knowledge that Mr. von

Poederoyen possessed about the physical characteristics of the MFCs at the time of classification.

CONCLUSION

For the reasons identified herein, Plaintiff's motion for summary judgment and

Defendant's cross-motion for summary judgment are denied.

/s/ Gregory W. Carman
Gregory W. Carman
Judge

Dated: June 10, 2004
New York, New York

**ERRATA**

*Brother International Corp. v. United States*, Court No. 00-00006, Slip Op. 04-67, dated June 10, 2004:

> Page 7, line 11, change "718 " to "715" in the *Universal Coops., Inc. v. United States* citation.

December 2, 2004